NO. 07-04-0507-CR


NO. 07-04-0508-CR


NO. 07-04-0509-CR


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 18, 2005


______________________________



JESSE DOMINGUEZ HERNANDEZ,



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NOS. B-15,449-0403 & B-15,450-0403; HON. ED SELF, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Jesse Dominguez Hernandez (appellant) appeals his convictions for aggravated
sexual assault of a child (Cause no. B-15450-0403) and two counts of indecency with a
child (Cause no. B-15449-0403, counts II and III). He pled not guilty, and the cause was
tried to a jury. The latter found him guilty of the charges and assessed punishment at 20
years imprisonment for the aggravated sexual assault and five years imprisonment for the
indecency offenses. Appellant timely appealed the decision and received appointed
counsel. 

 Appellant's counsel moved to withdraw, after filing a brief pursuant to Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and representing that he
searched the record and found no arguable grounds for reversal. The record illustrates that
counsel notified appellant of his right to review the appellate record and file his own brief
or response. We also informed appellant that any response he cared to file had to be filed
by April 28, 2005. To date, appellant has neither filed a pro se response nor moved for an
extension of the April 28th deadline.

 The sole ground raised by counsel involved the legal and factual sufficiency of the
evidence. And, in addressing it, counsel explained why the evidence was sufficient to
satisfy both standards. We too reviewed the evidence of record and found it to be both
legally and factually sufficient to support the convictions. Our independent review of the
appellate record also failed to uncover any other type of arguably reversible error. See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an
independent review). 

 Accordingly, we grant the motion to withdraw and affirm the judgment of the trial
court viz cause numbers B-15,450-0403 and B-15,449-0403, counts II and III. 

 


 Brian Quinn 

 Justice

 

Do not publish. 



on to
suppress. 

 By a single issue, appellant contends that the denial of the motion to suppress was
an abuse of the trial court's discretion. Appellant's claim is based upon the contention that
the continued detention of appellant after the initial stop for violation of the helmet law was
not reasonable because the detention was not based upon reasonable suspicion. We
disagree.

Standard of Review


 We review the action of the trial court in denying the motion to suppress under an
abuse of discretion standard. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.Crim.App.
1996). In conducting this review, we give almost total deference to the trial court's findings
of historical facts, while reviewing de novo the application of the law to the facts. Johnson
v. State, 68 S.W.3d 644, 652-53 (Tex.Crim.App. 2002). We must review the totality of the
circumstances to ascertain whether or not the officers' detention was based upon any
reasonable suspicion to conclude that appellant had committed or was about to commit an
offense. See Garcia v. State, 43 S.W.3d 527, 530 (Tex.Crim.App. 2001). Where the trial
court does not enter findings of fact, as in this case, we must view the evidence in the light
most favorable to the trial court's determination and assume that the trial court made
implicit findings of fact that support its ruling as long as those findings are supported by the
record. Wiede v. State, 214 S.W.3d 17, 25 (Tex.Crim.App. 2007).


Analysis


 After reviewing appellant's brief, it is clear that appellant does not contest the validity
of the initial traffic stop. Neither does appellant contest the fact that the stop was initiated
for a suspected violation of the helmet safety laws of the state. Tex. Trans. Code Ann. §
661.003 (Vernon Supp. 2006). Appellant seems to place some significance on the fact
that ultimately no citation was issued for this particular offense. Appellant does not contest
the observations of the officer regarding whether he was wearing a helmet or not;
therefore, the fact that a ticket was not ultimately issued is of no importance in our review
of the reasonableness of the officers' stop. Powell v. State, 5 S.W.3d 369, 377
(Tex.App.-Texarkana 1999, pet. ref'd) (citing Crittenden v. State, 899 S.W.2d 668, 674
(Tex.Crim.App. 1995)) (holding that an objectively valid traffic stop is not unlawful under
the Texas Constitution, even though the detaining officer had an ulterior motive for making
the stop). 

 Appellant's argument seems to be that the detaining officers went past the traffic
stop and continued the detention for a period of time that rendered the continued detention
unlawful. It is true that once the investigation of the traffic stop had been completed the
officer could no longer lawfully detain or question appellant. Id. However, it is also true
that, after an initial traffic stop, an officer is entitled to rely on all of the information obtained
during the course of his contact with the citizen in developing the articulable facts that
would justify a continued investigatory detention. Id. The critical inquiry becomes, did the
facts available to the officer at the moment of the investigatory detention warrant a person
of reasonable caution to believe that the action taken, when viewed from the officers'
objective position, was appropriate. Davis v. State, 947 S.W.2d 240, 243 (Tex.Crim.App.
1997). 

 To make this determination we must again look at the facts, as developed during
the traffic stop. The following facts were developed by the arresting officers:

 1) Appellant gave a birth date and two different ages. Neither age matched
the birth date;

 2) According to one officer, appellant appeared nervous;

 3) Appellant initially denied knowing the person driving the motorcycle and
then admitted that he, in fact, did know the driver;

 4) Appellant stated affirmatively that he did not have any identification on his
person and yet, after he voluntarily gave his billfold to the officers, his true
identity was learned. 


 The record seems to be capable of two interpretations. One is that the officers
found the wallet and identification before the arrest but after placing appellant in the patrol
car. Another interpretation is that appellant was under arrest for some reason when the
wallet was examined. In either interpretation, the officer was performing necessary duties
in effectuating the initial traffic stop, specifically obtaining appellant's proper identification. 
Regardless of whether appellant was detained for the violation of the helmet law or under
arrest, appellant committed a criminal offense by giving a false or fictitious name and date
of birth. See Tex. Pen. Code Ann. § 38.02(b)(1)-(2) (Vernon Supp. 2006). This is the type
of conflicting testimony that the trial judge is in the best position to make a decision about. 
As such, we defer to his decision as the finder of fact. Johnson, 68 S.W.3d at 652-53. We
must also infer the facts to be so found because there are no written findings of fact
entered in this case. Wiede, 214 S.W.3d at 25. Therefore, from the totality of the facts
and circumstances we find that the continued detention of appellant was warranted. 
Garcia, 43 S.W.3d at 530. 

 After the investigatory detention of appellant, and during further questioning, one
of the officers pulled the leather strap out of appellant's pocket. The contraband was in a
container on the end of the strap. This occurred after the lead officer stated that appellant
was being arrested for failure to identify. See Tex. Pen. Code Ann. § 38.02(b)(2) (Vernon
Supp. 2006). At this point, the officers could search appellant incident to a lawful arrest. 
State v. Ballard, 987 S.W.2d 889, 892 (Tex.Crim.App. 1999). Accordingly, we overrule
appellant's contention and find that the trial court did not abuse its discretion in denying
appellant's motion to suppress.

Conclusion


 Having overruled appellant's sole contention, the judgment of the trial court is
affirmed.


 Mackey K. Hancock

 Justice



Do not publish.